JOHN-ANDERSON L. MEYER   8541
DANIEL J. CHENG              10194

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI  96813
Telephone:  808 524-1800
Facsimile:   808 524-4591
Email:  anderson.meyer@dentons.com
         daniel.cheng@dentons.com

Attorneys for Defendant
CVS PHARMACY, INC. aka LONGS DRUG STORES
CALIFORNIA, L.L.C. dba LONGS DRUGS #9956

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JOHN KAIWI and JAZLYN KAIWI,<br><br>       Plaintiffs,<br><br>  vs.<br><br>CVS PHARMACY, INC. aka LONGS<br>DRUG STORES CALIFORNIA,<br>L.L.C. dba LONGS DRUGS #9956 and<br>DOE DEFENDANTS 1-100,<br><br>       Defendants. | Case No. _____<br><br>**DEFENDANT CVS PHARMACY,<br>INC. aka LONGS DRUG STORES<br>CALIFORNIA, L.L.C. dba LONGS<br>DRUGS #9956'S NOTICE OF<br>REMOVAL; DECLARATION OF<br>MELANIE K. ST. ANGELO;<br>DECLARATION OF JOHN-<br>ANDERSON L. MEYER;<br>EXHIBITS "A"-"B";<br>CERTIFICATE OF SERVICE**<br><br>No Trial Date Set. |

**DEFENDANT CVS PHARMACY, INC. aka LONGS
DRUG STORES CALIFORNIA, L.L.C. dba LONGS
DRUGS #9956'S NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I, AND THE CLERK OF COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and
1446, Defendant CVS PHARMACY, INC. aka LONGS DRUG STORES
CALIFORNIA, L.L.C. dba LONGS DRUGS #9956 ("Defendant"),[1] by and
through their attorneys Dentons US LLP, hereby files its Notice of Removal to
remove this action from the Circuit Court of the First Circuit of the State of
Hawai`i to the United States District Court for the District of Hawai`i.  In support
of removal, Defendant states as follows:

## I.    PROCEDURAL BACKGROUND

On July 27, 2020, Plaintiffs JOHN KAIWI and JAZLYN KAIWI
("Plaintiffs") filed their Complaint in the Circuit Court of the First Circuit, State of
Hawai`i, Civil No. 1CCV-20-0001061 ("Complaint").  A true and correct copy of
the Complaint, along with the Summons filed on July 20, 2021, is attached to this
Notice of Removal ("Notice") as Exhibit "A."  Plaintiffs allege that "[o]n
August 13, 2018, Plaintiff JOHN [KAIWI] was making a delivery on behalf of his

---

[1] As explained in Section II.A., below, the sole member of Longs Drug Stores
California, L.L.C. is Longs Drug Stores, L.L.C.; the sole member of Longs Drug
Stores, L.L.C. is CVS Pharmacy, Inc.

employer, UPS, on the Longs premises [store #9956, located at 86-120 Farrington Highway, Waianae, Hawai`i 96792] when he slipped and fell due to wet flooring." Complaint at ¶ 7.

CT Corporation accepted service of the Complaint and the Summons dated July 20, 2021 on behalf of Defendant on November 5, 2021.  A true and correct copy of the Service of Process Transmittal is attached to this Notice of Removal as Exhibit "B."

This Notice of Removal is timely in that it is filed within 30 days of service of the Complaint by which Defendant first received notice of the facts indicating that the case was removable within the meaning of 28 U.S.C. § 1446(b).

Removal is proper under 28 U.S.C. § 1441 because this Court has original jurisdiction over this action.

The Court's jurisdiction arises under 28 U.S.C. § 1332 because Plaintiffs, on one hand, and Defendant, on the other hand, are citizens of different States; Defendant is not a citizen of the state in which the action has been filed; and the amount in controversy exceeds the sum or value of $75,000.

## II.    GROUNDS FOR REMOVAL

### A.    THE PARTIES ARE DIVERSE

As alleged in the Complaint, Plaintiffs are residents of the City and County of Honolulu, State of Hawai`i.  Exhibit "A," Complaint at ¶¶ 1-2.

3

Defendant Longs Drug Stores California, L.L.C. is a California limited liability company with its principal place of business in Rhode Island. *See* Declaration of Melanie K. St. Angelo at ¶ 2.

The sole member of Longs Drug Stores California, L.L.C. is Longs Drug Stores, L.L.C., a Maryland limited liability company with its principal place of business and company headquarters in Rhode Island. *Id*. Longs Drug Stores, L.L.C. has a sole member, CVS Pharmacy, Inc., a Rhode Island corporation with its principal place of business and corporate headquarters in Rhode Island. *Id*.

Taking full account of the rules for determining the citizenship of corporate entities as set forth *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), Defendant is not a Hawai`i citizen. Neither Defendant, nor its related companies, are incorporated in Hawai`i, or have a principal place of business in Hawai`i.

### B.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper on the basis of an amount in controversy if a court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. A removing Defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000. *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996). When the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of

removal.  *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002).

To ascertain the amount in controversy, a district court takes into account claims for general damages, pain and suffering, out-of-pocket loss, emotional distress, punitive damages, and attorneys' fees.  *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 449-50 (S.D. Cal. 1995).  In addition, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated."  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (internal citations omitted).

The Complaint does not specify the damages sought.  Plaintiffs allege, however, that Plaintiff John Kaiwi "sustained severe and permanent injuries, extensive past and future medical expenses, lost wages, and other damages in an amount to be shown at trial."  Exhibit "A," Complaint at ¶ 11.  Plaintiffs allege that Plaintiff Jazlyn Kaiwi "suffered loss of consortium for the deprivation of the companionship, society and health of her husband, Plaintiff JOHN in an amount to be determined at trial."  *Id*. at ¶ 14.  Plaintiffs seek general damages for pain and suffering, special damages, and attorneys' fees.  *Id*. at Prayer at ¶¶ a., b., and d. These allegations strongly indicate that the amount in controversy exceeds $75,000.  Based on Plaintiff's allegations, and upon information and belief

following Defendant's counsel's review of correspondence between Plaintiffs' counsel and Defendant, and directly between counsel, the amount in controversy exceeds $75,000, from Plaintiffs' perspective.  *See* Declaration of John-Anderson L. Meyer at ¶ 6.

Defendant has satisfied the requirement of demonstrating both complete diversity and a sufficient amount in controversy.  Removal is therefore proper.

By removing this action to this Court, Defendants do not waive any defenses, objections, or motions available to it under state or federal law. Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## III.   COMPLIANCE WITH PROCEDURAL REQUIREMENTS

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and other orders served upon Defendant are attached hereto as Exhibits "A" and "B."

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed.

Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly serve a copy of this Notice of Removal on counsel for Plaintiffs and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the First Circuit of Hawai`i.

40016670\000008\119795072\V-2

WHEREFORE, Defendant submits this matter to this Court's jurisdiction and requests that the action proceed in the United States District Court for the District of Hawai`i as an action properly removed thereto.

DATED:  Honolulu, Hawai`i, November 24, 2021.

/s/ John-Anderson L. Meyer
JOHN-ANDERSON L. MEYER
DANIEL J. CHENG

Attorneys for Defendant
CVS PHARMACY, INC. aka LONGS
DRUG STORES CALIFORNIA, L.L.C.
dba LONGS DRUGS #9956

40016670\000008\119795072\V-2