LAW OFFICES OF JOSEPH P.H. AHUNA, JR.

| | |
|---|---|
| JOSEPH P.H. AHUNA, JR. | 3387 |
| DAVID K. AHUNA | 9540 |

Kaneohe Atrium
46-005 Kawa Street, Suite 307
Kaneohe, Hawaii 96744
Telephone: (808) 235-4000

**Electronically Filed
FIRST CIRCUIT
1CCV-20-0001061
27-JUL-2020
04:34 PM**

Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| JOHN KAIWI and JAZLYN KAIWI,<br><br>Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC. aka LONGS DRUG STORES CALIFORNIA, L.L.C. dba LONGS DRUGS #9956 and DOE DEFENDANTS 1-100,<br><br>Defendants. | CIVIL NO. _____<br>(Other Non-Vehicle Tort)<br><br>COMPLAINT; SUMMONS |

## COMPLAINT

Plaintiffs JOHN KAIWI and JAZLYN KAIWI, by and through their attorneys, the Law Offices of Joseph PH Ahuna Jr., and for cause of action against Defendants CVS PHARMACY, INC. aka LONGS DRUG STORES CALIFORNIA, L.L.C. dba LONGS DRUGS #9956 and DOE DEFENDANTS 1-100 above set forth, allege and aver as follows:

1. Plaintiff JOHN KAIWI (hereinafter "Plaintiff JOHN") is, and at all relevant times mentioned herein, was a resident of the City and County of Honolulu, State of Hawaii.

2. Plaintiff JAZLYN KAIWI (hereinafter "Plaintiff JAZLYN") is, and at all relevant times mentioned herein, was a resident of the City and County of Honolulu, State of Hawaii.

**EXHIBIT "A"**

3. Defendant CVS PHARMACY, INC. aka LONGS DRUG STORES CALIFORNIA, L.L.C. (hereinafter "Defendant LONGS") is and for all relevant times herein, was a corporation licensed and doing business in the City and County of Honolulu, State of Hawaii.

4. DOE DEFENDANTS 1-100 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to the PLAINTIFF, except that they are connected in some manner with the named defendants and/or where the parents, guardians, agents, servants, employees, employers, representatives, co-venturers, associates, vendors, suppliers, manufacturers, subcontractors or contractors and/or owners, lessees, assignees, licensees, designers, and engineers of the named defendants and/or in some manner presently unknown to the PLAINTIFF engaged in activities alleged herein and/or were in some manner responsible for the injuries or damages to PLAINTIFF and/or manufactured and/or designed, and/or place on the market a product which was defective; which defect was a proximate cause of injuries or damages to PLAINTIFF and/or inspected and/or maintained and/or controlled some object or product in a negligent manner which negligence was a proximate cause of injuries or damages to PLAINTIFF and/or conducted some activity in a negligent or dangerous manner; which negligent or dangerous conduct was a proximate cause of injuries or damages to PLAINTIFF and/or were in some manner related to the named DEFENDANT and PLAINTIFF pray for leave to insert herein their true names, identities, capacities, activities and/or responsibilities when the same are ascertained.   PLAINTIFF and her counsel have made a diligent and good faith effort to ascertain the full names and identities of all potential defendants herein by examining all documents available to them in this matter.

5. All events described herein occurred in the City and County of Honolulu, State of

Hawaii.

6. At all relevant times mentioned herein, Defendant LONGS owned, managed, maintained, and/or operated the Longs Drugs store #9956 located at 86-120 Farrington Highway, Waianae, Hawaii 96792 (hereinafter referred to as "Longs premises").

7. On August 13, 2018, Plaintiff JOHN was a making a delivery on behalf of his employer, UPS, on the Longs premises when he slipped and fell due to wet flooring.

8. As a direct and proximate result of the slip and fall incident described above, Plaintiff JOHN sustained serious and permanent injuries, including but not limited to his lower back and other injuries and damages to be shown at trial.

9. Prior to and at the time of the incident described above, Defendant LONGS was responsible to manage, maintain, operate, and/or otherwise keep the Longs premises where the incident occurred in a safe condition for customers such as Plaintiff JOHN.

10. The incident described above was directly and proximately caused by the negligent acts and/or omissions of Defendant LONGS, which include, but are not limited to, the following:

    a. Failing to maintain the Longs premises in a safe condition by allowing a dangerous and/or hazardous condition, such as allowing a wet floor to exist on the Longs premises, when they knew or, in the exercise of reasonable care, should have known that said dangerous and/or hazardous condition could cause injuries to individuals such as PLAINTIFF in a manner described in the complaint;

    b. Negligently causing, creating, and/or allowing a dangerous, unsafe, and/or hazardous condition to exist, such as allowing a wet floor to exist on the

        Longs premises, thus creating an unsafe and/or dangerous condition on the Longs premises;

    c.  Failing to inspect the Longs premises for dangerous, unsafe and/or hazardous conditions such as a wet floor on the Longs premises, when they knew or, in the exercise of reasonable care, should have known that said dangerous and/or hazardous condition could cause injuries to individuals such as PLAINTIFF in a manner described in the complaint;

    d.  Failing to correct the dangerous, unsafe and/or hazardous condition on the Longs premises;

    e.  Failing to caution and/or warn individuals such as PLAINTIFF of the dangerous, unsafe, and/or hazardous conditions on the Longs premises or place warning signs or other cautionary measures to warn of such dangerous, unsafe, and/or hazardous conditions on the Longs premises; and

    f.  Such other acts of negligence yet to be disclosed.

11.    As a direct and proximate result of Defendant LONGS's negligent acts described above, PLAINTIFF sustained severe and permanent injuries, extensive past and future medical expenses, lost wages, and other damages in an amount to be shown at trial.

12.    All negligent acts and/or omissions described above were done by Defendant LONGS's agents, employees, representatives or other duly appointed agents who were acting within the course and scope of their employment and/or agency at the time of said negligent acts and/or omissions.  As such, Defendant LONGS is liable for the negligent acts and/or omissions of said agents, employees, representatives, or other duly appointed agents under the doctrine of respondeat superior.

13. At all relevant times herein, Plaintiff JAZLYN was the wife of Plaintiff JOHN.

14. As a direct and proximate result of Defendant LONGS' negligent acts and/or omissions described above, Plaintiff JAZLYN suffered loss of consortium for the deprivation of the companionship, society and health of her husband, Plaintiff JOHN in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, jointly and severally, as follows:

a. For general damages for pain and suffering in an amount to be proven at trial;

b. For special damages in an amount to be proven at trial;

c. For interest and/or pre-judgment interest;

d. For attorneys' fees and costs; and

e. For such further relief as the court deems just and proper.

DATED:   Honolulu, Hawaii, July 27, 2020.

          /s/ David K. Ahuna
          JOSEPH P.H. AHUNA, JR.
          DAVID K. AHUNA

          Attorneys for Plaintiffs

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| JOHN KAIWI and JAZLYN KAIWI,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CVS PHARMACY, INC. aka LONGS DRUG STORES CALIFORNIA, L.L.C. dba LONGS DRUGS #9956 and DOE DEFENDANTS 1-100,<br><br>　　　　　Defendants. | CIVIL NO. _____<br>(Other Non-Vehicle Tort)<br><br>SUMMONS |

<u>SUMMONS</u>

STATE OF HAWAII

To the above-named Defendants:

　　　You are hereby summoned and required to file with the Court and serve upon the Law Offices of JOSEPH P. H. AHUNA, JR., Plaintiff's attorneys, whose address is 46-005 Kawa Street Suite 307, Kaneohe, Hawaii 96744, an answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours. A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

　　　DATED at Honolulu,_____.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　CLERK OF THE ABOVE-ENTITLED COURT